[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 27 October 1993 Date of Application: 15 November 1993 Date Application Filed: 16 November 1993 Date of Decision: 26 September 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket NO. CR4-20-3237.
Andrew Bowman, Esq., for the Petitioner.
Edward Ricciardi, Esq., for the State.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Accessory to Larceny 1st, in violation of Conn. Gen. Stat. § 53a-122 and Conspiracy to Commit Larceny 1st, in violation of Conn. Gen. Stat. § 53a-122 (a)(3) and § 53a-48. The court imposed a sentence of ten years execution suspended after five years with five years probation on each count to run concurrent with each other for a total effective sentence of ten years execution suspended after five years with five years probation.
The petitioner was involved in a "chop shop" operation with his father and brother. All three were convicted and sentenced to terms of imprisonment. The operation in this case consisted of stealing an automobile, stripping it of its parts and buying it back from the salvage yard, (in this case they were the salvage yard), rebuilding it, taking it back to New York State, retitling it with a false title and putting it back in the stream of commerce. At the hearing counsel for the petitioner indicated that the petitioner was only eighteen years old at the time of the crimes and that he had no prior record. Counsel pointed out to the panel that the probation officer recommended probation with no term of incarceration. Counsel felt that the sentencing court did not take into consideration the medical problems of the petitioner. He argued that the petitioner was simply lumped together with his father and brother without the court taking into consideration the differences in criminal background and medical condition of his client. Reminding the panel that the petitioner was convicted as an accessory only, he felt the sentence imposed was excessive and asked the Division to lower it to a sentence of two years to serve.
The attorney for the state felt that the court dealt with each member individually and gave a fair sentence in accordance with their involvement with the crime and their particular circumstances that subjected them to some form of mitigation.
In reviewing the remarks of the sentencing court as to the sentence of this petitioner, we find that the court took into consideration the nature and seriousness of the crimes committed. The judge also recognized that the petitioner had a medical condition, noting that the judgment mittimus should reflect the concerns of the petitioner's doctor. We note that CT Page 11980 the sentence imposed by the court is lesser than the one imposed on the other family members convicted.
When this panel reviews sentences, we do so under the guidelines of Practice Book provision 942. In applying that section to this matter, we find that the sentence imposed is neither inappropriate, excessive nor disproportionate.
The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.